IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Case No.  13-20007-JWB

LLEWELLYN RICHARD,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (Doc. 46.)  The motion is fully briefed and is ripe for decision. (Docs. 46, 48.)

**I.  Facts and Procedural History**

On January 29, 2013, Defendant was indicted on twelve counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2.  Defendant ultimately pled guilty to all twelve counts pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).  (Docs. 26, 27.)  The district court accepted the plea agreement and sentenced Defendant to 240 months in prison on each count, with the sentence on each count to run concurrently, all as contemplated under the plea agreement.  (Docs. 26, 30.)  Defendant did not file a direct appeal.

On February 19, 2016, Defendant filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255.  Defendant, through appointed counsel, argued that the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), invalidating the residual clause in the definition of the term "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii) as it pertains to enhanced sentences

under the Armed Career Criminal Act of 1984 on the grounds that the residual clause is unconstitutionally vague, likewise invalidated similar language under the career offender provisions of United States Sentencing Guidelines §§ 4B1.1 and 4B1.2. (Doc. 41.) Thereafter, the government filed an unopposed motion to stay proceedings in the case pending the Supreme Court's anticipated decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). (Doc. 42.) The court granted the government's motion to stay "for substantially the reasons stated in the motion." (Doc. 43 at 1.) The Supreme Court subsequently held in *Beckles* that the career offender provisions of the Sentencing Guidelines were not subject to a due process challenge based on vagueness. *Beckles*, 137 S. Ct. at 890. Approximately three weeks after *Beckles* was issued, the parties filed a joint stipulation of dismissal of Defendant's § 2255 motion. (Doc. 45.)

On June 28, 2021, Defendant filed the instant motion for reduction of sentence under the First Step Act, which argues that his sentence should be reduced because his offenses of conviction, Hobbs Act robbery under 18 U.S.C. § 1951, do not constitute crimes of violence for purposes of the career offender enhancements under Sentencing Guidelines §§ 4B1.1 and 4B1.2 (Doc. 46.) Defendant proceeds pro se. The government opposes the motion on the basis that Defendant fails to satisfy the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 48.)

## II. Legal Standards

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee,* 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States,* 564 U.S. 522, 526 (2011)). One exception is found in the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A). Prior to 2018, that section only authorized the Director of the Bureau of Prisons to

move for a sentence reduction. *McGee,* 992 F.3d at 1041. The First Step Act changed this to allow a defendant to file his own motion for reduction if certain conditions are met. *Id.*

The Tenth Circuit recently endorsed a three-step test for deciding motions under § 3582(c)(1)(A). *Id.* at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). If a defendant has administratively exhausted his claim, the court may reduce a sentence if three requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* A court may deny the motion when any requirement is lacking and the court need not address the other requirements. *Id.* at 1043. But all the requirements must be addressed when the court grants a motion for release under the statute. *Id.*

The Tenth Circuit has held that the court has independent discretion to determine whether a defendant has shown "extraordinary and compelling reasons" that warrant a reduction. *See McGee*, 992 F.3d at 1044, 1048. "[E]xtraordinary" means "exceptional to a very marked extent." *United States v. Ford*, No. CR 10-20129-07-KHV, ___ F. Supp. 3d ___, 2021 WL 1721054, at *3 (D. Kan. Apr. 30, 2021) (quoting *United States v. Baydoun*, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting extraordinary, Webster's Third International Dictionary, Unabridged (2020)). Although not binding on this court, the Sentencing Commission has recognized that grounds for release due to extraordinary and compelling reasons can include a (1) defendant's medical condition; (2) age; (3) family circumstances; and (4) a catchall category of an "extraordinary and compelling reason other than, or in combination with," the first three categories. *Id.* (citing U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018)) and *United States v. Carr*, No. 20-1152,

851 F. App'x. 848, 853-54 (10th Cir. Apr. 14, 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes).

With respect to the second requirement (whether a reduction is consistent with applicable policy statements), the Tenth Circuit has held that the current Sentencing Commission policy statement on extraordinary circumstances does not constrain a court's discretion to determine whether circumstances are extraordinary and compelling because that provision applies only to motions filed by the Director of the BOP, not to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021).

Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537 (D. Kan. Aug. 24, 2020); *United States v. Dixon*, No. 18-10027-02-JWB, 2020 WL 6483152, at *2 (D. Kan. Nov. 4, 2020).

Although the government does not raise the issue, the court must also consider the effect of 28 U.S.C. § 2255 on the instant motion. As the Tenth Circuit has explained:

> "A § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (internal quotation marks omitted). Such a motion "is generally the exclusive remedy for a federal prisoner seeking to attack the legality of detention." *United States v. Bong*, 913 F.3d 1252, 1260 (10th Cir. 2019) (internal quotation marks omitted) (emphasis added).
> 
> Thus, regardless of how a movant characterizes a post-judgment motion, it must be treated as a § 2255 motion if it "asserts or reasserts a federal basis for relief" from the movant's conviction or sentence. *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (per curiam) (internal quotation marks omitted). "It is the relief sought, not [a] pleading's title, that determines whether the pleading is a § 2255 motion." *Nelson*, 465 F.3d at 1149. And "[i]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Id*. at 1148. "[T]o allow a petition to avoid the bar against successive § 2255 petitions by simply styling a

> petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255." *Id*. (internal quotation marks omitted).

*United States v. Sears*, 836 F. App'x 697, 699 (10th Cir. 2020).

### III. Analysis

Based on the foregoing, the court concludes that Defendant's motion must be construed as seeking relief under 28 U.S.C. § 2255. The motion exclusively seeks relief on the basis that his sentence was improperly increased because of career offender enhancements applied under the Sentencing Guidelines. Indeed, the presentence investigation report filed in this case included a career offender enhancement under Sentencing Guideline § 4B1.1. (Doc. 28 ¶ 37.) Moreover, Defendant previously filed a § 2255 motion in this case. (Doc. 34.) However, Defendant has failed to obtain certification for a second or successive § 2255 motion as required under 28 U.S.C. § 2255(h).

The court notes that Defendant's prior § 2255 motion was voluntarily dismissed before the court ruled on the substance of the motion. (Doc. 45.) This raises the question of whether Defendant's first § 2255 motion should be counted against him. Under almost identical facts, the Tenth Circuit ruled that it should.

In *United States v. Rejda*, 790 F. App'x 900 (10th Cir. 2019), the defendant filed a § 2255 motion arguing that *Johnson* applied to invalidate his sentence, which was enhanced under the same career offender guidelines as issue in this case. The court stayed the proceedings pending the Supreme Court's decision in *Beckle*. After *Beckle* was issued, the defendant voluntarily dismissed his § 2255 motion. Thereafter, the defendant filed a pro se § 2255 motion again attacking his sentence. *Rejda*, 790 F. App'x at 901-02.

5

Although the Tenth Circuit observed that there may be circumstances in which a prior § 2255 motion will not count for purposes of determining whether a subsequent such motion will be treated as "second or successive" under 28 U.S.C. § 2255(h), such as "a motion used solely to reinstate a prisoner's right to a direct appeal, a motion dismissed without prejudice because the prisoner's direct appeal was still pending, and a motion dismissed for failure to pay the filing fee," *id.* at 903 (quoting *Haro-Arteaga v. United States*, 199 F.3d 1195, 1197 (10th Cir. 1999)),  the court observed that when a defendant voluntarily dismisses a § 2255 motion, the district court should evaluate whether the dismissal objectively indicates that the motion was meritless and essentially doomed to defeat.  *See id.* at 904-05.  If so, the dismissed motion will count against the defendant under 28 U.S.C. § 2255(h).  *See id.*  Since the defendant in *Rejda* was represented by counsel on his first § 2255 motion, and the timing of the voluntary dismissal (on the heels of *Beckle*) "clearly and objectively indicate[d] that he concluded his motion was doomed," the Tenth Circuit held that the dismissed § 2255 motion would be counted against the defendant, and that the district court lacked jurisdiction to consider his subsequent §2255 motion, because it was an unauthorized second or successive motion under 28 U.S.C. § 2255(h).  *See id.* at 905-06.

The same result follows here.  Just as in *Rejda*, Defendant filed his original § 2255 motion challenging his sentencing enhancement under the Sentencing Guidelines based on *Johnson*. Defendant was represented by counsel.  The court stayed the proceedings pending the decision in *Beckles*.  And on the heels of *Beckles*, the parties promptly stipulated to a dismissal of the motion. Now Defendant has filed a new motion attacking his sentence under the career offender enhancement of the Sentencing Guidelines.  This counts as a second or successive motion under § 2255(h), as to which Defendant has not obtained certification from the court of appeals.

Accordingly, this court lacks jurisdiction to consider his motion, and it is therefore DISMISSED for lack of jurisdiction.

To the extent there remains any avenue for Defendant to obtain relief under 18 U.S.C. § 3582(c)(1)(A)(i), the court would deny relief on the basis that Defendant has failed to establish that extraordinary and compelling reasons warrant a reduction in sentence. In *McGee*, the Tenth Circuit held that a defendant could establish extraordinary and compelling reasons for a reduced sentence where the First Step Act reduced the mandatory minimum sentences for certain drug crimes under 21 U.S.C. § 841(b)(1)(A), but Congress declined to make the changes retroactive. 992 F.3d at 1047-48. However, the Tenth Circuit was careful to note that the pre-First Step Act mandatory life sentence imposed on the defendant in that case was not sufficient, in isolation, to warrant relief under § 3582; instead, the court of appeals concluded "that it can only be the combination of such a sentence and a defendant's unique circumstances that constitute 'extraordinary and compelling reasons' for purposes of § 3582(c)(1)(A)(i)." *Id.* at 1048.

A number of facts distinguish this case from *McGee*. First, there has been no post-sentencing reduction in mandatory minimums or any change to the applicable sentencing scheme that bears on Defendant's sentence. The main thrust of Defendant's argument is that he should not have been subject to the career offender enhancement under USSG § 4B1.1 because his crime of conviction, Hobbs Act robbery, is not a crime of violence under the guidelines, a necessary prerequisite to this enhancement under USSG § 4B1.1(a)(2). The Tenth Circuit so held in *United States v. O'Connor*, 874 F.3d 1147, 1148 (10th Cir. 2017), concluding that Hobbs Act robbery could be accomplished based on a use of force against persons or property, while the definition of "crime of violence" under the Sentencing Guidelines was limited to use of force against persons. *Id.* at 1158-59. While *O'Connor* was decided after Defendant was sentenced, the relevant

definition of "crime of violence" was unchanged since Defendant was sentenced in November 2013, and the legal underpinnings of the decision date back as far as 1990. *See generally id.* (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990); *Descamps v. United States*, 570 U.S. 254, 257 (2013); *United States v. Andino–Ortega*, 608 F.3d 305, 310–12 (5th Cir. 2010)). Accordingly, Defendant could have raised this issue on direct appeal or in his first motion under 28 U.S.C. § 2255.

Moreover, Defendant was sentenced under a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). In other words, Defendant received precisely the sentence that he requested. Although he received the statutory maximum for each count of conviction, he benefitted from the fact that all sentences were ordered to run concurrently, an outcome that was far from assured, even if the career offender enhancement was not applied, as Defendant would still have presented as a criminal history category VI, with multiple prior state convictions for robberies – all factors that may have inclined the sentencing court to order some of the sentences for these twelve robberies to run consecutively. (*See generally* PSIR, Doc. 28.) Finally, Defendant makes no argument for other unique circumstances that, combined with his sentencing arguments, make this an extraordinary or compelling case for sentence reduction. This failure is fatal under *McGee*. 992 F.3d at 1048.

Based on the foregoing, the court finds that, to the extent Defendant's motion is properly construed as seeking relief under 28 U.S.C. §2255, it is DISMISSED for lack of jurisdiction. To the extent Defendant properly seeks relief under 18 U.S.C. §3582(c), his motion is DENIED for failure to show extraordinary or compelling circumstances that warrant relief.

IT IS SO ORDERED this 17th day of August, 2021.

     s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE