IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                Case No. 13-20007-JWB

LLEWELLYN RICHARD,

    Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 55.) The motion is ripe for decision. (Doc. 56.)[1] Defendant's motion is DENIED for the reasons set forth herein.

**I. Facts and Procedural History**

On January 29, 2013, Defendant was indicted on twelve counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2. Defendant ultimately pleaded guilty to all twelve counts pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). (Docs. 26, 27.) The probation office prepared a presentence investigation report ("PSR") prior to sentencing. (Doc. 28.) According to the PSR, Defendant had a significant criminal history which resulted in a subtotal of 15 criminal history points. (*Id.* ¶ 49.) Defendant was on parole at the time he committed the offenses in this case. (*Id.* ¶ 50.) As a result, two status points were added to his criminal history. (*Id.*) Defendant's total criminal history points was 17, resulting in a criminal history category VI. Defendant's total offense level of 29 and a criminal history category of VI, resulted in a guidelines range for imprisonment as 151 to 188 months. (*Id.* ¶ 79.) The parties,

---

[1] Defendant has not filed a reply brief and the time for doing so has now passed.

however, entered in a binding plea agreement in which they agreed that an appropriate disposition was 240 months imprisonment on each count. (Doc. 26.)

The court accepted the plea agreement and sentenced Defendant to 240 months in prison on each count, with the sentence on each count to run concurrently, all as contemplated under the plea agreement. (Docs. 26, 30.) Defendant did not file a direct appeal.

Defendant has now filed a motion to reduce sentence based on a change in the sentencing guidelines.

**II.    Analysis**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of Amendment 821 limits the criminal history impact of "status points." *See* United States Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited March 4, 2024); U.S.S.G. § 4A1.1(e).

Defendant's motion asserts that his sentence should be reduced because he would qualify for a decrease in his status points. At the time of sentencing, his criminal history was a category VI based on his total criminal history score of 17. Defendant's criminal convictions resulted in a subtotal criminal history score of 15. That score is unchanged with the amendment. Defendant was then assessed two additional criminal history points (or "status points") because he committed

the instant offense while under a criminal justice sentence in a prior case. Under the amendment, Defendant would receive a one-point increase instead of a two-point increase. *See* § 4A1.1(e). As a result, his criminal history score would be 16. A criminal history score of 16 still results in a criminal history category of VI. Therefore, he has not demonstrated that a change in the Sentencing Guidelines had an impact on his Guidelines range. Further, Defendant was not sentenced under the guidelines but was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement.

### III. Conclusion

Defendant's motion for sentence reduction (Doc. 55) is DENIED.

IT IS SO ORDERED. Dated this 4th day of March, 2024.

                                           __s/ John W. Broomes_____
                                           JOHN W. BROOMES
                                           UNITED STATES DISTRICT JUDGE